IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE CLARK WILLIAMS, JR.,

    Plaintiff,                      No. 2:12-cv-2158 MCE EFB P

    vs.

D. BAUER, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    For the reasons explained below, the court finds that plaintiff has not demonstrated she is eligible to proceed *in forma pauperis*. A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). On at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Williams v. Andrews*, 1:01-cv-6222 REC HGB P

(E.D. Cal. Feb. 22, 2002) (order dismissing action for failure to state a claim); (2) *Williams v. Wood*, 1:01-cv-6151 REC LJO P (E.D. Cal. Feb. 28, 2002) (order dismissing action with prejudice for failure to state a claim); and (3) *Williams v. Rendon*, 1:01-cv-5891 AWI SMS P (E.D. Cal. Mar. 18, 2002) (order dismissing action for failure to state a claim). *See also Williams v. Gonzales*, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)).

According to the complaint filed in this action, plaintiff is "in imminent danger of irreparable harm, injury and death" because the defendants deliberately poison her foods "daily and continuously." Dckt. No. I, § II. However, § 1915(g)'s exception does not apply because plaintiff's allegations of imminent danger are not plausible. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. Cal. 2007) (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing.). Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).

Moreover, the "court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis." *Visser v. Supreme Court of California*, 919 F.2d 113, 114 (9th Cir. 1990) (citing *In re McDonald*, 489 U.S. 180 (1989)). The court has informed plaintiff, on numerous occasions, that her allegations about being poisoned are not plausible. *See Williams v. Norton*, 2:12-cv-2889 CKD (E.D. Cal. Dec. 4, 2012) (finding plaintiff's allegations of being poisoned implausible and denying application to proceed in forma pauperis); *Williams v. CDCR*, 2:12-cv-1616 JAM EFB (E.D. Cal. Aug 1. 2012) (finding implausible plaintiff's allegations of being poisoned, and recommending that plaintiff's in forma pauperis status be denied), *adopted* (E.D. Cal. Oct. 29, 2012); *Williams v. Willie*, CIV S-11-1532 MCE DAD (E.D. Cal. Mar. 16, 2012) (finding implausible plaintiff's allegations of being poisoned, noting that she had been making such claims since 2006, and determining that the imminent danger exception of § 1915(g) did not apply), *adopted* (E.D. Cal. Apr. 23, 2012); *Williams v. Gomez*, 2:11-cv-0426

1  GEB EFB (E.D. Cal. Dec. 21, 2011) (finding implausible plaintiff's allegations of being
2  poisoned and denied HIV medication, and recommending that plaintiff's in forma pauperis status
3  be revoked), *adopted* (E.D. Cal. Feb. 6, 2012).  Nevertheless, plaintiff continues to initiate
4  lawsuits in forma pauperis, on the grounds that the imminent danger exception applies based on
5  her allegations of being poisoned on a daily basis and/or being denied her HIV medications.  *See,*
6  *e.g., Williams v. Bal*, 2:12-cv-1005 LKK EFB (E.D. Cal) (April 17, 2012 complaint alleging
7  imminent danger of injury or death because she was denied HIV medication and prison officials
8  were poisoning her food); *Williams v. Wedell*, 2:12-1438 GEB GGH (E.D. Cal.) (May 29, 2012
9  complaint alleging denial of HIV medication and imminent danger because of poisoning);
10 *Williams v. Nappi*, 2:12-cv-1604 GEB CMK (E.D. Cal.) (June 14, 2012 complaint alleging
11 imminent danger because of daily poisoning); *Williams v. CDCR*, 2:12-cv-1616 JAM EFB (E.D.
12 Cal.) (June 15, 2012 complaint alleging the same).  Given these filings, the court finds that
13 plaintiff's application for leave to proceed in forma pauperis should also be denied because
14 plaintiff has "engaged in a pattern of litigation which is manifestly abusive."  *Visser*, 919 F. 2d at
15 114.
16         Accordingly, it is hereby RECOMMENDED that:
17         1. Plaintiff's application to proceed *in forma pauperis* (Dckt. No. 11) be denied; and
18         2. This action be dismissed without prejudice to re-filing upon pre-payment of the $350
19 filing fee.
20         These findings and recommendations are submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
22 after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties.  Such a document should be captioned
24 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
25 ////
26 ////

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: December 5, 2012.

　　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE